Good morning, Counsel. Good morning, Your Honor, and may it please the Court. My name is Jim Bock, and I represent the plaintiffs and appellants for this matter. I'd like to reserve two minutes for rebuttal. Okay. I'll try to help you, but keep your eye on the clock, okay? Understood. This matter is before you for de novo review on the question of whether or not plaintiffs made the required prima facie showing of personal jurisdiction over the defendants. When you're talking about de novo review, there's no question it's de novo review when the facts are undisputed. It's no question that when they're disputed, then I give the district court clear error review, especially when the district court holds a hearing. In other words, what I do is if they just submit affidavits, which they did in this case, then at that point I'm really looking and I'm saying that the affidavits must be resolved in favor of the plaintiff if there's a dispute, correct? That's correct, Your Honor. Ballard v. Savage articulates the standard. Well, I just wanted to make sure you didn't get carried away with this de novo review because really what we're faced with here are two affidavits regarding specific jurisdiction, correct? Well, there's multiple declarations on different aspects. Well, I know, but the bottom line is we're really trying to determine if the affidavit from Ms. Lee has been contradicted by the affidavit from the attorney Lee. Ms. Lee says she authored the email. It went to 300 customers, no more than 10 in California. And then the attorney for your client says that he looks at a list of recipients of Lee's email and he makes an affidavit to that list, right? Yes, that's correct. Let me ask you, is this Lee, is he the attorney for, if you will, I have you up here standing for the client, but is he the attorney, was he the attorney for Axiom at the hearing? Not at the hearing, Your Honor. Michael Lee is an associate in my firm there. So he's just an associate with your firm and he says he looks at a list of the recipients of Lee's email, right? Correct. The district court ordered some jurisdictional discovery. We propounded some interrogatories, among which we got the list of recipients of the Elva Lee email that's the subject of the dispute. We went through with the help of our client, identifying the recipients and comparing them. I would say a couple things. First of all, I'm not sure that even if none of the recipients of that email were in California, I still believe that we've met personal jurisdiction. Well, let's go there then because I'm not sure your declaration says that there's even 55 recipients in California. Your declaration says 55 recipients have companies in California, but it doesn't say they live in California, doesn't say what their connection is to California. In fact, the recipient very well could have been in another state or another country. All it says is there are 55 recipients who had some company in California, which doesn't really offset what Ms. Lee says. Well, no, but I think it goes to the point of showing that there are effects in California or in the United States generally. Let's look at that because if I look at Walden v. Fiore, I have to find that the defendant has not expressly aimed at the foreign state, and it says right in Walden it has not expressly aimed at the foreign state where it only has random, fortuitous, or attenuated contact with the foreign state.  Then it doesn't seem to me that anything that Mr. Lee said, who is just going through trying to figure out what's going on, is anything more than random or fortuitous or attenuated. And therefore, no jurisdiction. Well, two points I'd like to make there. First of all, I think as to the intent, if we look at the e-mail itself. I'm not talking about intent. Okay. We are through intent. I think everybody says there's intent here. We're talking directly now. Is there any contact with this state in California? We're going right directly to that particular point, which if I look at Calder v. Jones to prove the first prong, the purposely direct his activities or consummate some transaction, I've got to prove that he committed an intentional act, which I think everybody kind of says, but then expressly aimed at the foreign state. Yes. And I'm worried that we don't have anything that says expressly aimed at the foreign state. I believe you do because Washington Shoe and Braden Purcell and the other cases that we cited on pages 9 to 10 of our opening brief demonstrate that when you infringe the copyright of a California resident, you have thereby met the purposeful direction test. And that alone is sufficient. Without getting into the customers and who it went to. You don't mean that as broadly as you just said. If you infringed in Germany and the copyright owner lived in California, that wouldn't get you into California. Where you knew or should have known that the plaintiff. It's the act. It's not where the person suffering the injury resided. The Supreme Court has made that clear. It's where your acts are directed. So you would have to have acts directed into California. The question is how many acts. And I guess one would. Washington Shoe says that a single act of copyright infringement. But Wallen v. Fiore said, you know, not just a random thing. It's got to be directed. But I don't think that this was random. This was an intentional course of conduct and directed at California. I'm sorry. You don't think. But I guess I'm just trying to look at what do the affidavits say. And we don't have any affidavit which suggests opposite from what Miss Lee suggests. So if I look at what Miss Lee suggests, I can't think that it's any more than random, fortuitous, or attenuated. I think I can address this question. We're looking at what Miss Lee said. First of all, in the footer of her e-mail, it identifies a list of cities. Cardiff, Rotterdam, Madrid, Japan. Obviously not a city. Los Angeles, Shanghai. Now, in her declaration, Miss Lee tries to explain that away saying, oh, well, those aren't cities where we do business. That's just reflecting the cities where we can ship rice, where we can and do ship rice protein. To which my response is, yes, exactly. The defendants were, and we also submitted the declaration of Mr. Reid Powell, who submitted the port records that show that the defendants ship rice protein, which is the product they're promoting in the infringing e-mail, into the Port of Los Angeles. They do business in California. This e-mail is connected to their business in California. They sent it to at least some businesses that do business in California. By their own admission, it's at least 10. And that certainly establishes that it's not a random, it's not a coincidence. Let me ask you this, Counsel, to further address my colleague's question. Under our case law, specifically Braid and Purcell, we don't really need to address any potential conflict between Washington Shoe and Walden, do we? I don't believe so. Under those circumstances, it seems to me the real issue here is, did the district judge determine a material issue of fact that is in the conflict between these two affidavits that needs to go to a trier of fact and upon which the tale of jurisdiction hangs? Agreed. If there's any factual disputes that are supposed to be resolved in our favor at this stage in the proceedings and if there's any conflict in the affidavits, then we've met our prima facie case. One way to look at it is as my colleague Judge Smith had just indicated, but there's another way which if you look at the exact appearance of this, I mean it's so obviously copied that there's just no other way to look at it. So then a trier of fact gets to determine whether it meets the Braid and Purcell test. Is that your analysis of it as well? Well, I think questions of intent and state of mind going beyond what's in the record, I think that gets into a factual question. I think we've presented facts that are sufficient to support an inference that there was purposeful direction and therefore jurisdiction. Bottom line is if a trier of fact doesn't find that, then isn't Judge Smith correct that you don't meet the purposeful direction test and you don't have a specific jurisdiction? Well, I want to be careful here because I think that it depends on whether we're talking about. I don't think that we have to show. Again, I think that infringing on my client's intellectual property alone establishes it. And the other facts I mentioned, showing that it was in connection with attempts to do business in California, make that clear. Let me respond with a couple of questions. Did you really rely on Braid and Purcell in your argument? In the case? In argument to the district court? No, in your argument even to us. I did cite it, yes. Did you rely on its holding to really get where you're going? I don't think it depends on the holding. I think it's an example. Well, the reason I ask that is that Braid and Purcell really wasn't a jurisdiction case, was it? It was a proper venue case. No, but in order to determine the question of venue, the court looked at the jurisdictional issue, I believe. So it was an analysis. I guess I'd have to look at it again. I don't really think it did. But let's go on one further. It seems to me that you need to present as best you can, your best argument, that this meets the first test of Schwarzenegger versus Fred Martin, which you've got three prongs to meet. The district court didn't even get to the third and fourth prong, or second and third prong, right? They only decided this on the first prong of Schwarzenegger? I believe that's correct. Did anybody ever argue anything about the national minimum context test? We did raise that issue. I agree that there's not a massive difference, depending on whether you look at it as California national. I'm not really talking about that. I mean, my worry is that Judge Smith and I can look very hard at the first part of the Schwarzenegger test, but if we were to agree even on the first part of the Schwarzenegger test, shouldn't we return this to the district court to really think about the second and third prongs of the Schwarzenegger test, since the district court didn't really address those prongs? Well, that's certainly an option, but I believe that this court is appropriately situated to make the same analysis at the pleading stage. They could have a hearing. It just so happens on the first prong they didn't. That's correct, or the defendants could raise their personal jurisdiction defense at a later stage. Let me ask you, and it's because nobody addressed the national minimum context test, but we really could let the district court think about that first, couldn't we? That would also be. Especially since the district court can have a hearing about that. That's one option. Obviously, the district court has the power to do that, and obviously you have the power to direct it to do so. I don't think that's necessary. I think that we addressed and met all three prongs of Schwarzenegger. How do you say that? Isn't Judge Smith correct that the district court really didn't even address the second and third prong? I would have to look at the district court's order again, but I believe that's correct. I believe my recollection is that it got as far as the first prong. Under the circumstances, isn't Judge Smith correct? Let's say, arguendo, we agree that there is a disputed issue of fact on the first prong. Somebody has to resolve it. We send it back. But the district court would also have to look at prongs two and three to make a determination, right? Well, yes. I mean, obviously we have to establish all three prongs, whether that's because you agree with me that on the current record we've established all three prongs, or because you remand and then we show to the district court's satisfaction that we have satisfied all three prongs. I have just one question that's a little bit different, but we've been kind of assuming that the first prong has been satisfied of Schwarzenegger. But I have trouble, a little question about that. Schwarzenegger's first prong says that the defendant must have had purposefully direct activities into the forum. Now, we know that the defendant here did mail some of these mailers or sent the emails into California. But in interpreting that first prong, we then have the Supreme Court's case of Calder v. Jones that says, this is going to tell you how to interpret that first prong of purposefully directing. And Calder v. Jones has a three-part cumulative test. And the third prong of Calder v. Jones says that it has to be cumulatively something that causes harm that the defendant knows is likely to be suffered in the forum state. So that harm that the defendant knows is likely to be suffered. And so at that point, my question to you is, if the defendant intends to compete in California, but does not know that it is a copyright, that they're infringing a copyright, does the defendant know that this is causing harm to be suffered in the forum state? Is the harm that the defendant has to know harm the results from a normal competition? Or does this require, for jurisdictional purposes, a proof that the defendant had to know that he was doing something illegal? No. It's simply the intent of the act and the consequences of the act, not the nature of the act or its illegality. And I believe we addressed that point in our reply brief. And I think the Washington Shoe Court was pretty clear to draw the distinction that it's not necessary for a plaintiff in this situation to show that the defendant was knowingly committing copyright, in the sense of actually knowing that it was an infringement. So in other words, the knowing harm simply means you would read it knowingly competing. Well, knowingly competing, but specifically competing by using these graphics and logos. Now, the fact that... But when the word harm is used, you're saying harm means simply competitive harm, not the scienter harm of hurting you because I'm using a copyright I shouldn't use. Well, it's both. But in terms of using a copyright I shouldn't use, the fact that you chose to use the copyrighted material is sufficient. But we're assuming here, because that's what this affidavit shows, it says that we didn't know we were using a copyright. So it kind of makes a difference to me on that analysis. But I don't see any evidence, really, that shows, except unless you were to compare the two and somehow say that the defendant knew or should have known that this was a copyrighted material. But in any event, that's my question, and I think you've answered it adequately. Thank you. Other questions? No. Thank you very much, counsel. Appreciate it. Thank you very much. We'll hear argument now from the appellee. May it please the Court, Henry Self of Laveley and Singer for the appellee, Acerchem UK Limited. The district court got this exactly right. The first prong of the Schwarzenegger test is this. But, counsel, the district court decided the key issue here, a controverted issue, a material fact. Don't we have to send this back to the district court to make a determination, have a trier of fact determine basically each of the elements of the Calder test, and in this case, as interpreted in part as a result of the Bright-Braden-Purcell case, we've got a copyright here. Don't we need to send that back, and then the district court needs to determine what happens with prongs two and three before you all can declare victory? No, we do not, because the declaration and supplemental declaration of Ms. Lee, Alva Lee, showed that under the Calder effects test, sub-test beneath the first prong, that although her act, the act of Acerchem UK, was intentional for purposes of the first sub-prong, the undisputed evidence, her declarations, show that it was not expressly aimed at the forum. Counsel, have you looked at what was sent and compared it with the mark? Yes. They're identical in every respect. How could they not have been intended to compete in that home state? Now, again, my colleagues have raised some interesting questions about whether the people had offices in the state. Those are issues of fact. They're usually determined in a hearing, but the reality is, let's just say that the district court had the exact opposite interpretation of what Ms. Lee said. Then you've got a problem, right? Then the first prong is satisfied. There's no question as to Ms. Lee intending to send an e-mail message, right? But Ms. Lee did not intend to commit copyright infringement, i.e., knowingly cause harm. Again, that's a factual question. That is a factual question. The district court said it was plausible, more plausible, that it was her way, but that was a determination of a fact, a material fact in this case. So if the district court had found otherwise and concluded by looking at the two things that there was no way that you could have one magically appear, be identical to the other, and not have a knowing violation, isn't that an important determination for a district court to make? But it's not a factual dispute. There is no contrary evidence. There's just bald speculation. What was copied was part of the evidence, was it not? Yes. You just look at it. You can see it's the same. So why isn't that part of the determination that the district court needs to make? Or the fine dryer of fact, better said. Because there is no competent evidence supporting the speculation that Ms. Lee did intend to infringe copyright, did intend to use property belonging to a California resident. So you're saying to me that if Ms. Lee took something that was identical from the mark that they have and she sent it to 55 companies that happen to have outfits or locations within the state of California, that there's no question that she can say that because she doesn't admit that she copied it that you can't even consider whether there was copying. Is that what you're saying? That's not what I'm saying. In particular, the third prong of the Calder test is crucial here. It's the knowledge that harm will be caused. Those are the things the district court never got to, as my colleague pointed out. We have to first address the first prong. And in the first prong, it seems to me, I'm just one of the three judges, but it seems to me that the district judge made a factual determination, a material issue of fact determination, that if it's decided contrary to what the district court originally decided, then the first prong is satisfied. You've got the other two you have to be taken care of. Nobody addressed those, right? That is right. However, I just want to make sure we keep this with all these prongs running around. I think we have to make this pretty clear. Yes. The district court did address the first prong of the Schwarzenegger test, correct? Correct. And the first prong of the Schwarzenegger test has three prongs as well. Exactly. What the district court did not do is address prong two and three of the Schwarzenegger test, but the district court did address prongs two and three of the Calder test, correct? That is correct. I just want to make sure that that's pretty obvious on the record because my worry is that I was looking for evidence. I was looking for what evidence there is in what your opposition has suggested, which would suggest that Ms. Lee's affidavit is at all contradicted because if contradicted at all, I have to give preference to that affidavit over Ms. Lee's affidavit, correct? Correct. All right. So what we're saying, the first one would be intentional, and everybody agrees with that, expressly aimed. We're really looking directly at what places she sent it and where, right? Yes. I think we can't discount the word expressly, though, that she subjectively needed to expressly intend, no, direct the activity towards California. Okay. And I thought I addressed that with counsel about the two affidavits. I mean, you can't deny that if we agree with what's in the Lee affidavit, there's at least some contradiction. Yes. Well, then I have to give that to the Lee affidavit, don't I? Yes. He's asking you to give him leeway. So then, at that point, there would be enough to say expressly aimed at the foreign state. Fair enough. All right. So let's go to problem three of the Calder test. Which I think is the most crucial. Which I think is where my colleague, Judge Ebell, was directing his questions. Causing harm that D knows is likely to be suffered in the foreign state. Are you suggesting there is no evidence of that? She did not know that she was causing harm. She did not realize that this was copyright-protected material. Let me pause just a moment if I can ask him that. Go ahead. Copyright harm does not require intentional acts. Those are kind of strict liability, aren't they? That is correct. So that makes another wrinkle here in that this is not a scienter crime. Or not a crime, but it's not a scienter tort. That's right. So then we go back to maybe when we satisfy this causing harm question, we really are not asking whether Ms. Lee knew what she was doing was violating the copyright law or not. Because scienter isn't a test. Maybe it's just simply did she know that that act would likely or is hoping to create competitive harm. So maybe that satisfies that test. No, because she would need to know that the allegedly proprietary copyright-protected material belonged to a Californian. Well, but surely she knew where these messages were being sent, right? Probably. I'm reluctant to speculate. Well, she knew at least 10 went to California. Yes. At least in retrospect, in preparing her declaration, looked back and said 10. Well, as my colleagues have pointed out, in the context of copyright, we have a difference here, too, under a Washington shoe, because individualized targeting is established when the plaintiff alleges that a defendant's willful infringement of plaintiff's copyright enthused the defendant's knowledge of both the existence of the copyright but in the form of the copyright holder. We have neither of those here. We do not have willful copyright infringement. We have innocent infringement, which, to your point, is a strict liability tort for substantive purposes. That's your contention. That is our contention. But if you have something that's copyrighted, a little C, and somebody takes it. Which we don't have here. Again, what I'm saying is it seems to me that what you've got is a factual dispute. If you're right, if you're correct, then you're going to win on this. If you're wrong, then the district judge has got to determine the other two prongs to decide where it goes. Isn't that right? Agreed. Okay. Yes. Other questions? The fact that this copyright had never been properly registered, what does that fact play into this analysis? Not much, except that I think it is evidence of the lack of importance to the plaintiff of this property until after it saw that it had been used in the e-mail message. There was no copyright notice. At least registration would have provided constructive notice, if not actual notice. But we didn't even have that here. And I think that really does go to Ms. Lee's intent. Okay. Any other questions of my colleagues? Thanks, both of you, for your argument. The case just argued is submitted, and the Court stands in recess for the day. All rise.
judges: Ebel, M. Smith, N.R. Smith